UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAN SMITH SOFTBALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL L CAYTON,<br><br>　　　　Defendant. | Case No. 5:20-cv-01661-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 31 |

On March 6, 2020, Plaintiff Dan Smith Softball brought this action against Defendant Daniel Cayton for breach of contract, seeking damages and injunctive relief. Now before the court is Plaintiff's Ex Parte Application For Order to Show Cause Re Preliminary Injunction and For a Temporary Restraining Order. Dkt. No. 31 ("Motion"). For the reasons below, the Court GRANTS Plaintiff's request for an Order to Show Cause and DENIES Plaintiff's request for a temporary restraining order.

### I.　Background

Plaintiff Dan Smith Softball is a semi-professional softball team and sole proprietorship headquartered in San Jose, California. Complaint, Dkt. No. 1, ¶ 3; Declaration of Daniel H. Smith, Jr. In Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Smith Decl."), Dkt. No. 31-2, ¶ 1. Defendant Daniel Cayton is a professional softball player residing in Casper, Wyoming. Compl. ¶ 4. Plaintiff and Mr. Cayton are both involved in a competitive softball league organized and run by the United States Specialty Sports

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER

1

Association ("USSSA"). Teams in the USSSA league generally play a dozen or more tournaments each season around the United States, culminating in playoffs and a "World Series" championship tournament. Smith Decl. ¶ 4.

According to Plaintiff, Mr. Cayton began playing softball for Plaintiff during the 2019 World Series. *Id.* ¶ 5. Before then, Mr. Cayton had been playing for another team but Plaintiff paid that team $75,000 for the right to recruit him. *Ibid.* Plaintiff was willing to pay to recruit Mr. Cayton because he is an especially talented player. At the time he was recruited to play for Plaintiff, Mr. Cayton ranked sixth in home run hits, sixteenth in "on-base per plate appearances," eighteenth in runs scored, and seventh in runs batted in. *Id.* at Ex. 1-4. Plaintiff won the 2019 World Series—a victory Mr. Smith attributes in part to the fact that Mr. Cayton was on the team. *Id.* ¶ 5. Shortly after the 2019 season ended, Plaintiff and Mr. Cayton entered into a written contract whereby Mr. Cayton agreed to play for Plaintiff exclusively in the 2020, 2021, and 2022 seasons. *Id.* ¶ 6. The contract itself is not in the record before the Court, but Plaintiff represents that the agreement is in writing and provides that Mr. Cayton was guaranteed a minimum amount exceeding $15,000 per year in each of the three seasons. *Id.* ¶ 6.

Plaintiff alleges that after Mr. Cayton signed the contract, he decided to play for a competitor team, known as "Resmondo." *Id.* ¶ 8. Although the 2020 season was delayed due to the global COVID-19 pandemic, the season is now well underway, and Mr. Cayton has played for Resmondo in at least two tournaments. *Id.* ¶ 10. As of the date of Plaintiff's Motion, there were eleven regular season tournaments remaining. *Id.* ¶ 11.

Plaintiff seeks a temporary restraining order and preliminary injunction to prevent Mr. Cayton from continuing to play for Resmondo, or any other team in the league. Plaintiff explains that each regular season tournament contributes to the league's system for determining playoff standings. Therefore, it argues that every time that Mr. Cayton plays for another team, Plaintiff is irreparably injured, both because it has lost the services of a very strong player, and also because Resmondo continues to gain an unfair advantage with respect to playoff standings. *Id.* ¶ 12.

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER

2

Plaintiff requests an order requiring the Mr. Cayton to show cause why a preliminary injunction should not be entered to enjoin from playing for Resmondo, or any other team, while this action is pending. Plaintiff further seeks a temporary restraining order enjoining Mr. Cayton from playing for Resmondo or any other team, until its request for a preliminary injunction is resolved.

## II.   Discussion

Under Federal Rule of Civil Procedure 65, a temporary restraining order may be issued without notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and [¶] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

A claim for breach of contract, particularly a contract for personal services, does not typically warrant injunctive relief. *Foxx v. Williams*, 244 Cal. App. 2d 223, 235 (1966) ("It is a familiar rule that a contract to render personal services cannot be specifically enforced."). "An unwilling employee cannot be compelled to continue to provide services to his employer either by ordering specific performance of his contract, or by injunction." *Beverly Glen Music, Inc. v. Warner Commc'ns, Inc.*, 178 Cal. App. 3d 1142, 1144 (Ct. App. 1986). To do so runs afoul of the Thirteenth Amendment's prohibition against involuntary servitude. *Id.* (*citing Poultry Producers Etc. v. Barlow*, 189 Cal. 278, 288 (1922)). However, beginning with the English case of *Lumley v. Wagner*, 42 Eng. Rep. 687 (1852), courts have recognized that, while they cannot directly enforce an affirmative promise, "they can enforce the negative promise implied therein." *Ibid.* Thus, while it is not possible to compel a defendant to perform his duties under a personal service contract, it is possible to prevent him from employing his talents anywhere else. *Ibid*; *see also Zomba Recording LLC v. Williams*, 15 Misc. 3d 1118(A), 839 N.Y.S.2d 438 (Sup. Ct. 2007) (Applying California law, holding that "where an employee refuses to render services to an employer in violation of an existing contract, and the services are unique or extraordinary, an

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER

3

1   injunction may issue to prevent the employee from furnishing those services to another person for
2   the duration of the contract.").

3   This principle is codified in California law.  California Civil Code § 3423 states that an
4   injunction may not be granted "[t]o prevent the breach of a contract the performance of which
5   would not be specifically enforced, other than a contract in writing for the rendition of personal
6   services from one to another where the promised service is of a special, unique, unusual,
7   extraordinary, or intellectual character, which gives it peculiar value, the loss of which cannot be
8   reasonably or adequately compensated in damages in an action at law."  Cal. Civ. Code § 3423(e);
9   *see also* Cal. Civ. Proc. Code § 526(b)(5) (stating that an injunction is proper to prevent the breach
10  of "a contract in writing for the rendition of personal services from one to another where the
11  promised service is of a special, unique, unusual, extraordinary, or intellectual character, which
12  gives it peculiar value, the loss of which cannot be reasonably or adequately compensated in
13  damages").

14  In the present case, Plaintiff does not seek to force Mr. Cayton to play softball for
15  Plaintiff's team, rather, it seeks only to enjoin him from playing for other teams.  The Court finds
16  that as a talented and highly ranked softball player in the USSSA league, Mr. Cayton's promised
17  services are "of a special, unique, unusual, [and] extraordinary" character.  *See* Cal. Civ. Code §
18  3423(e); *Lemat Corp. v. Barry*, 275 Cal. App. 2d 671 (Ct. App. 1969) (upholding an injunction
19  preventing star basketball player Rick Barry from playing for the Oakland Oaks in violation of his
20  contract with the Golden State Warriors).  In *Lemat* the court explained that "the rationale
21  underlying the enforcement of negative covenants in contracts involving the unique personal
22  services of star performers and athletes, is that the employer has contracted for the exclusive right
23  to display the 'star' for a given period. That no other entrepreneur may display the particular star
24  during the period contracted for is part of the right for which the employer has bargained and has
25  compensated the star." *Id.* at 678.  The same rationale applies here.

26  In order to warrant injunctive relief, however, Plaintiff must still show that immediate and

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER
4

1   irreparable injury will result in the absence of relief. *See Marquez Bros. Int'l v. Atletico Morelia*

2   *S.A. De C.V.*, No. 5:05-CV-1889 RS, 2005 WL 1869501, at *4 (N.D. Cal. Aug. 5, 2005) ("As

3   [plaintiff] has not demonstrated any cognizable irreparable injury, [defendant's] status as a unique

4   or extraordinary team is besides the point"). Irreparable harm involves "intangible injuries" that

5   cannot be adequately compensated through monetary damages. *Rent-A-Center, Inc. v. Canyon*

6   *Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir.1991).

7       Plaintiff argues that if Mr. Cayton continues to play for a competitor team, Plaintiff's

8   competitive position and reputation in the league will suffer, attendance at games will decline,

9   team morale will suffer, and Plaintiff's ability to make it to and succeed in the playoffs will be

10  irreparably harmed. Smith Decl. ¶ 16. Mr. Smith explained in his declaration that the seeding

11  and locations of the playoff games are determined by a point system and that every regular season

12  tournament affects both Plaintiff's and Resmondo's points relative to each other. *Id.* ¶ 12.

13  Although the Court agrees that the decrease in reputation, morale, attendance, and in Plaintiff's

14  chances in the playoffs and World Series would be difficult to quantify in monetary damages,

15  Plaintiff has failed to show that there is a tournament scheduled in the near future, such that a

16  temporary restraining order is warranted before a hearing may be held. It is also not clear that a

17  decrease in Plaintiff's chances to win the World Series constitutes an injury for the purposes of

18  injunctive relief.

19      Because nothing in the Plaintiff's Motion demonstrates that there is an *immediate* risk of

20  injury to Plaintiff before Mr. Cayton may be heard, Plaintiff's request for a temporary restraining

21  order is **DENIED.**

22      **III.**    **Conclusion and Order to Show Cause**

23      Plaintiff has made a sufficient showing to warrant a response from Mr. Cayton and a

24  hearing regarding whether Plaintiff is entitled to a preliminary injunction. Mr. Cayton is

25  **ORDERED** to show cause why a preliminary injunction should not be entered to enjoin him from

26  playing for Resmondo, or any other team in the league. Mr. Cayton's response shall be due no

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER

5

later than August 7, 2020.  Plaintiff's Reply, if any, shall be due no later than August 11, 2020.

A hearing on the Order to Show Cause shall be held on August 14, 2020 at 9:00 AM via Zoom video conferencing.  The Clerk will provide the parties with further instructions for accessing Zoom in advance of the hearing.

**IT IS SO ORDERED.**

Dated:  July 29, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-01661-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND FOR A TEMPORARY RESTRAINING ORDER